UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CAROL GROVE,<br><br>    Plaintiff,<br>vs.<br><br>JPMORGAN CHASE BANK, N.A.; CAL-WESTERN RECONVEYANCE CORP.; and IH2 PROPERTY NEVADA, LP,<br><br>    Defendants. | Case No.: 2:13-cv-00854-GMN-CWH<br><br>**ORDER** |

Pending before the Court is the Motion for Temporary Restraining Order and Preliminary Injunction (ECF Nos. 38, 39), filed by *pro se* Plaintiff Carol Grove. Also before the Court is the Motion to Dismiss (ECF No. 16) filed by IH2 Property, L.P., and the Motion for Summary Judgment (ECF No. 17) filed by JPMorgan Chase Bank, N.A., for which Plaintiff has filed responses, and the briefing deadlines have expired.

**I. BACKGROUND**

On March 11, 2013, the property located at 1170 Olivia Pkwy., Henderson, NV 89011 ("the Property") was purchased at a foreclosure sale by IH2 Property Nevada, L.P. ("IH2"). (ECF No. 1-1.) A Notice of Default had previously been recorded on December 30, 2008, for Plaintiff's failure to make timely mortgage payments for the Property. (ECF No. 1-1.) The Notice of Default was recorded by Security Union Title Company as agent for Defendant Cal-Western Reconveyance Corporation ("Cal-Western"), on behalf of Defendant JPMorgan Chase Bank, N.A. ("JPMorgan"). (ECF No. 1-1.)

Plaintiff originally filed her Complaint in state court in April 2013, alleging causes of action against Defendants JPMorgan and Cal-Western relating to the foreclosure proceedings

1 against her home. (ECF No. 1-1.)  Defendant JPMorgan removed the action to this Court in May
2 2013, and Defendant Cal-Western consented to removal. (ECF Nos. 1, 6.)  Defendants
3 JPMorgan and Cal-Western each filed an Answer to Plaintiff's Complaint in May 2013. (ECF
4 Nos. 7, 10.)  On June 28, 2013, Plaintiff filed an Amended Complaint (ECF No. 13), which she
5 also styled as a "Motion to Set Aside and Void Sale and Quiet Title," in reference to her
6 requested relief.  In her Amended Complaint, Plaintiff named IH2 as an additional Defendant.
7 　　　　The publicly recorded documents submitted to the Court by Plaintiff and Defendants
8 show that a Deed of Trust on the Property was executed in March 2006, to secure a loan to
9 Plaintiff from JPMorgan as beneficiary. (Deed of Trust, ECF No. 17-1.)  The original Trustee on
10 the Deed of Trust was Commerce Title. (Deed of Trust, ECF No. 17-1.)
11 　　　　On December 29, 2008, Cal-Western, on behalf of JPMorgan, assigned the beneficial
12 interest in the Deed of Trust to U.S. Bank National Association ("U.S. Bank"). (Assignment,
13 ECF No. 17-1.)  On December 30, 2008, the Notice of Default was filed by Security Union Title
14 Company as agent for Cal-Western on behalf of JPMorgan. (Notice of Default, ECF No. 17-2.)
15 On January 21, 2009, Cal-Western was substituted as trustee by Chase Home Finance, LLC as
16 attorney-in-fact for U.S. Bank. (Substitution of Trustee, ECF No. 17-2.)  Both the Assignment
17 and the Substitution of Trustee were recorded on February 2, 2009. (ECF Nos. 17-1, 17-2.)  On
18 March 11, 2013 the Property was sold to IH2 at a public auction. (Trustee's Deed Upon Sale,
19 ECF No. 17-2.)
20 　　　　In her original Complaint, Plaintiff alleges that the March 11, 2013, foreclosure sale was
21 in violation of Nevada statutes, the Fourth Amendment of the United States Constitution, and
22 the Constitution of the State of Nevada. (ECF No. 1-1.)  In her Amended Complaint, Plaintiff
23 appears to abandon her claims for violations of the United States Constitution and Nevada
24 Constitution, alleges causes of action for wrongful foreclosure and quiet title, and re-alleges her
25 claims to set aside the sale of the Property for violations of Nevada statutes. (ECF No. 13.)

## II. **DISCUSSION**

First, the Court construes Plaintiff's Amended Complaint, styled as a "Motion to Set Aside and Void Sale and Quiet Title," as a motion for leave to file an amended pleading pursuant to Rule 15 of the Federal Rules of Civil Procedure.  The Court finds that allowing Plaintiff to file the amended complaint would serve the interest of justice, and would not unfairly prejudice Defendants, and will therefore construe Plaintiff's Amended Complaint as the operative pleading before the Court.

Next, the Court finds that Plaintiff has not met her burden to show that a temporary restraining order should be issued.  Plaintiff has not met the requirement that a motion for temporary restraining order must include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

To justify an injunction, Plaintiff must make a clear showing to establish:  (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008).  Also, "'serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

Here, the Court finds that Plaintiff is unlikely to succeed on the merits of her claims for quiet title and wrongful foreclosure, but that her claims for violations of Nevada foreclosure statutes warrant further review.  Therefore, the Court will consider Plaintiff's Motion for Preliminary Injunction (ECF No. 39) upon full briefing from the parties.

## III. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining Order (ECF No. 38) is **DENIED**.

**IT IS FURTHER ORDERED** that a hearing on Plaintiff's Motion for Preliminary Injunction (ECF No. 39), Defendant IH2's Motion to Dismiss (ECF No. 16) and Defendant JPMorgan's Motion for Summary Judgment (ECF No. 17) is scheduled for **Wednesday, September 4, 2013 at the hour of 2:00 p.m.** before The Honorable Gloria M. Navarro, United States District Judge, **in Courtroom 7D** of the Lloyd D. George United States Courthouse, 333 Las Vegas Boulevard South, Las Vegas, Nevada.

**DATED** this 27th day of August, 2013.

_____
Gloria M. Navarro
United States District Judge