Kent F. Larsen, Esq.
Nevada Bar No. 3463
Joseph T. Prete, Esq.
Nevada Bar No. 9654
SMITH LARSEN & WIXOM
Hills Center Business Park
1935 Village Center Circle
Las Vegas, Nevada 89134
Tel:  (702) 252-5002
Fax:  (702) 252-5006
Email: kfl@slwlaw.com
       jtp@slwlaw.com
Attorneys for Defendant
JPMorgan Chase Bank, N.A.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CAROL GROVE,<br><br>           Plaintiff(s),<br><br>-vs-<br><br>JP MORGAN CHASE BANK, N.A., CALWESTERN RECONVEYANCE CORP., IH2 PROPERTY NEVADA, LP; DOES I-X, inclusive,<br><br>           Defendant(s). | CASE NO. 2:13-cv-00854-GMN-CWH<br><br>**ORDER:**<br>**(1) GRANTING JPMORGAN CHASE BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT, IH2 PROPERTY NEVADA, LP'S MOTION TO DISMISS; AND CAL-WESTERN'S RECONVEYANCE CORPORATION'S JOINDER THEREIN;**<br><br>**(2) DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE;**<br><br>**(3) DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION; AND**<br><br>**(4) EXPUNGING PLAINTIFF'S NOTICES OF LIS PENDENS** |

///

On September 4, 2013, at 2:00 p.m., a hearing was held relative to Defendant JPMorgan Chase Bank, N.A.'s ("Chase") Motion for Summary Judgment (Doc. 17), IH2 Property Nevada, LP's ("IH2") Motion to Dismiss (Doc. 16) seeking dismissal under Fed. R. Civ. P. 12(b)(4), (5), and (6) and Plaintiff's Motion for Preliminary Injunction (Doc. 39). Joseph Prete, Esq. appeared at the hearing on behalf of Chase, Richard Doxey, Esq. appeared at the hearing on behalf of IH2, Christopher Benner, Esq. appeared at the hearing on behalf of Cal-Western Reconveyance Corp. ("CWRC") and the Plaintiff appeared at the hearing in proper person. At the hearing, CWRC orally joined in Chase's Motion for Summary Judgment.

Having reviewed each of these motions and related response briefs and all exhibits thereto, and the record herein (including the documents filed by Plaintiff on the morning of the hearing), and having considered oral argument of each of the parties, the Court hereby makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

1. On or about March 3, 2006, Plaintiff obtained a loan from Chase in the amount of $379,100, which was evidenced by a loan Note ("Note") and secured by a Deed of Trust ("DOT") recorded against property located at 1170 Olivia Parkway, Henderson, Nevada 89015 (the "Property").

2. On December 29, 2008, Chase assigned its beneficial interest under the DOT ("DOT Assignment") to U.S. Bank National Association as Trustee for CFLX 2006-2 (Chaseflex Multi-Class Mortgage Pass-Through Certificates Series 2006-2) ("US Bank").

3. At all relevant times, Chase has serviced the subject loan on behalf of US Bank.

4. Plaintiff fell behind on her loan payment obligations and a notice of default ("NOD") was recorded against the Property on December 30, 2008.

5. The NOD was recorded by CWRC who was acting as an agent of the beneficiary.

6. On February 2, 2009, a substitution of trustee ("SOT") document was recorded against the Property reflecting that US Bank had substituted CWRC as trustee under the DOT.

///

///

2

7. On November 21, 2012, CWRC recorded a notice of trustee's sale ("NOTS"), which stated a sale date of December 10, 2012.

8. The trustee's sale date was orally postponed three times, resulting in a scheduled trustee's sale date of March 11, 2013.

9. IH2 purchased the Property at the March 11, 2013 trustee's sale, and a Trustee's Deed Upon Sale ("TDUS") memorializing that transaction was recorded against the Property on April 19, 2013.

10. Plaintiff did not discharge the debt either through any of her seven prior bankruptcies or through any legally cognizable means and the nonjudicial foreclosure was proper.

## CONCLUSIONS OF LAW

1. Summary judgment is appropriate and "should be rendered" when the pleadings and other evidence on file demonstrate "that no genuine issue as to any material fact [remains] and that the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986) ("One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses").

2. Nevada law and the terms of the DOT permit nonjudicial foreclosure proceedings in the event of default. *See* NRS 107.080 *et seq.*

3. Nonjudicial foreclosure proceedings were warranted here because Plaintiff stopped making payments on the subject loan.

4. The DOT Assignment is valid and Plaintiff's arguments about recordation of the DOT Assignment are unavailing because recordation of deed of trust assignments was not required under applicable law during the relevant time period (i.e., under the pre-2011 version of NRS 106.210).

5. Any action that CWRC or Chase took relative to nonjudicial foreclosure of the subject Property was lawful and at the behest of the beneficiary under the DOT.

///

///

///

3

6. Plaintiff had no right to participate in Nevada's Foreclosure Mediation Program ("FMP") because the FMP only relates to foreclosure proceedings where notices of default are recorded on or after July 1, 2009. *See* AB 149 (2009).

7. Oral postponements of the date of the trustee's sale as stated in the NOTS complied with NRS 107.082.

8. The nonjudicial foreclosure proceedings at issue in this litigation were substantially compliant with Nevada's laws related to nonjudicial foreclosure and Plaintiff's wrongful foreclosure claim is unsustainable as a matter of law. *See* NRS 107.080(5).

9. To the extent Plaintiff may be attempting to assert claims (including equitable claims) other than wrongful foreclosure or failure to comply with Nevada's nonjudicial foreclosure laws, she has failed to state a claim for relief upon which relief may be granted.

10. Plaintiff's Motion for Preliminary Injunction is unsustainable because, among other reasons, Plaintiff has failed to act equitably and has failed to demonstrate a likelihood of success on the merits of any of her claims.

11. Plaintiff has failed to meet her burden under NRS 14.015 to maintain a lis pendens against the Property.

## ORDER

THEREFORE, in light of the foregoing Findings of Fact and Conclusions of Law,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Chase's Motion for Summary Judgment is GRANTED in its entirety;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that IH2's Motion to Dismiss is GRANTED in its entirety, without leave to amend;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that CWRC's oral joinder in Chase's Motion for Summary Judgment is GRANTED;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiff's complaint and all allegations of misconduct and claims for relief stated therein are hereby DISMISSED with prejudice;

///

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiff's Motion for Preliminary Injunction is DENIED;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that defendants' oral motion to expunge notices of pendency of action / lis pendens is GRANTED;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any notice of pendency of action / lis pendens that Plaintiff has caused to be recorded with the Clark County Nevada Recorder's Office relative to this lawsuit (including instrument numbers 201304230002247 and 201308120002323) shall be cancelled and expunged from the records of the Clark County Nevada Recorder's Office; and

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this lawsuit is hereby CLOSED and any motions or hearings that are presently pending herein are DENIED and VACATED as moot.

**IT IS SO ORDERED.**

**DATED** this 20th day of September, 2013.

_____
Gloria M. Navarro
United States District Judge

5